IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

THOMAS J. SELLERS, et al.,

Defendant.                                              No. 07-30136-DRH

### ORDER

**HERNDON, Chief Judge:**

Before the Court is Defendant Thomas J. Seller's motion to continue (Doc. 425). Defendant argues that there are over two thousand (2,000) pages of discovery and that his attorney has not had adequate time to prepare for trial in this case. Defendant further states that the trial in this matter is expected to take two to three weeks and Defendant's attorney is set for a trial in December that will conflict with this matter's currently scheduled trial. The Court, being fully advised in the premises, finds that the trial should be continued in order to allow Defendant Sellers additional time to prepare for trial.

The Court **GRANTS** Defendant Seller's motion to continue (Doc. 425). The Court **CONTINUES** the trial scheduled for November 30, 2009 until **February 1, 2010 at 9:00 a.m.** This continuance of trial applies to all non-moving Defendants as well. *United States v. Baker*, 40 F.3d 154, 159 (7th Cir. 1994) ("'Under § 3161(h)(7), the excludable delay of one defendant may be ascribed to all defendants in the same case, absent severance.'") (quoting *United States v.*

***Tanner*, 941 F.2d 574, 580 (7th Cir. 1991), cert. denied, 502 U.S. 1102, 112 S. Ct. 1190, 117 L.Ed. 2d 432 (1992)).**

In continuing the trial, the Court notes that one of the co-defendants, Jesus Manuel Saavedra, remains a fugitive. Saavedra is still at large and has not yet been arraigned. Further, no motion for severance of the remaining defendants has been filed or granted in this case, meaning all Defendants adhere to the same Speedy Trial Act count. Therefore, in actuality and the state of the law is that the Speedy Trial "clock" does not begin to run until the last co-defendant is arraigned, in this case, as there is one fugitive, the 70-day window for conducting this trial has not yet come into play under the Speedy Trial Act. ***See United States v. Larson*, 417 F.3d 741, 745 n.1 (7th Cir. 2005) ("In the typical joint trial, the Speedy Trial clock begins when the last co-defendant is arraigned.") (citing *Untied States v. Baskin-Bey*, 45 F.3d 200, 203 (7th Cir. 1995); *Henderson v. United States*, 476 U.S. 321, 323 n.2 (1986); 18 U.S.C. § 3161(h)(7)); *United States v. Souffront*, 338 F.3d 809, 835 (7th Cir. 2003) (The Court found that the seventy-day clock commenced the day a fugitive-also the final co-defendant in the case-was arraigned)**. Since the Speedy Trial clock has not begun to run, there is no need to account for exclude time due to trial delays, such as when a trial is continued.

However, in the alternative to finding that the Speedy Trial clock has yet to commence, the Court finds that the reasons stated in the motion to continue

justify reasons for granting a continuance and excluding time under the Speedy Trial Act. The Court finds that pursuant to **18 U.S.C. § 3161(h)(7)(A)**, the ends of justice served by the granting of such a continuance outweigh the best interest of the public and *all* Defendants in a speedy trial. To force a Defendant to trial without adequate time to prepare would constitute a miscarriage of justice. Therefore, the Court alternatively finds reasons for granting a continuance as sought in the motion (Doc. 425). The Court hereby **CONTINUES** the jury trial *as to all Defendants* scheduled for November 30, 2009 until **February 1, 2010 at 9:00 a.m.** The time from the date Defendant's motion was filed, October 28, 2009, until the date on which the trial is rescheduled, February 1, 2010, is excludable for purposes of a speedy trial.

Should either party believe that a witness will be required to travel on the Justice Prisoner and Alien Transportation System (JPATS) in order to testify at the trial of this case, a writ should be requested at least two months in advance.

**IT IS SO ORDERED.**

Signed this 28th day of October, 2009.

/s/ David R Herndon
**Chief Judge**
**United States District Court**