IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**THOMAS J. SELLERS, et al. ,**

**Defendant.**                                                                              **No. 07-30136-DRH**

### ORDER

**HERNDON, Chief Judge:**

Before the Court are two motions to continue filed by Defendant Thomas J. Sellers (Doc. 447) and Defendant Raul Ricardo Teran (Doc. 448). Defendant Sellers requests that the trial setting of February 1, 2010 be continued as he is cooperating with the Government and needs additional time to cooperate with the Government and complete a proffer. Defendant Teran's motion concurs with Defendant Seller's motion and states that a plea agreement may be reached with the Government. The Government does not object to the motions. None of the Defendants object to the motions. The Court, being fully advised in the premises, finds that the trial should be continued in order to allow Defendants to conclude their cooperation with the Government and possibly negotiate plea agreements.

The Court **GRANTS** Defendant Sellers and Defendant Teran's motions to continue (Docs. 447 & 448). The Court **CONTINUES** the trial scheduled for February 1, 2010 until **March 22, 2010 at 9:00 a.m.** This continuance of trial applies to all non-moving Defendants as well. ***United States v. Baker*, 40 F.3d**

154, 159 (7th Cir. 1994) ("'Under § 3161(h)(7), the excludable delay of one defendant may be ascribed to all defendants in the same case, absent severance.'") (quoting *United States v. Tanner*, 941 F.2d 574, 580 (7th Cir. 1991), cert. denied, 502 U.S. 1102, 112 S. Ct. 1190, 117 L.Ed. 2d. 432 (1992)).

In continuing the trial, the Court notes that one of the co-defendants Jesus Manuel Saavedra, remains a fugitive. Saavedra is still at large and has not yet been arraigned. Further, no motion for severance of the remaining defendants has been filed or granted in this case, meaning all Defendants adhere to the same Speedy Trial Act count. Therefore, in actuality and the state of the law is that the Speedy Trial "clock" does not begin to run until the last co-defendant is arraigned. In this case, as there is one fugitive, the 70-day window for conducting this trial has not yet come into play under the Speedy Trial Act. **See *United States v. Larson*, 417 F.3d 741, 745 n.1 (7th Cir. 2005) ("In the typical joint trial, the Speedy Trial clock begins when the last co-defendant is arraigned.") (citing *United States v. Baskin-Bey*, 45 F.3d 200, 203 (7th Cir. 1995)); *Henderson v. United States*, 476 U.S. 321, 323 n.2 (1986); 18 U.S.C. § 3161(h)(6)); *United States v. Souffront*, 338 F.3d 809, 835 (7th Cir. 2003) (The Court found that the seventy-day clock commenced the day a fugitive-also the final co-defendant in the case- was arraigned).** Since the Speedy Trial clock has not begun to run, there is no need to account for exclude time due to trial delays, such as when a trial is continued.

However, in the alternative to finding that the Speedy Trial clock has yet to commence, the Court finds that the reasons stated in the motion to continue justify reasons for granting a continuance and excluding time under Speedy Trial Act. The Court finds that pursuant to **18 U.S.C. § 3161(h)(7)(A)**, the ends of justice served by the granting of such a continuance outweigh the best interest of the public and *all* Defendants in a speedy trial. To force a Defendant to trial on a case that appears to have a great potential to resolve amicably would constitute a miscarriage of justice. Therefore, the Court alternatively finds reasons for granting a continuance as sought in the motions (Doc. 447 & 448). The Court hereby **CONTINUES** the jury trial as to *all* **Defendants** scheduled for February 1, 2010 until **March 22, 2010 at 9:00 a.m.** The time from the date the motion was filed, January 15, 2010, until the date on which the trial is rescheduled, March 22, 2010, is excludable for purposes of a speedy trial.

Should either party believe that a witness will be required to travel on the Justice Prisoner and Alien Transportation System (JPATS) in order to testify at the trial of this case, a writ should be requested at least two months in advance.

**IT IS SO ORDERED.**    Signed this 20th day of January, 2010.

/s/ *David R Herndon*
**Chief Judge**
**United States District Court**