IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

RAUL RICARDO TERAN, et al.,

Defendants.                                           No. 07-30136-DRH

ORDER

**HERNDON, Chief Judge:**

Before the Court is a motion for continuance filed by Raul Ricardo Teran (Doc. 456). Defendant Teran requests that the trial setting of March 22, 2010 be continued as he is currently negotiating with the Government which both sides anticipate will lead to a plea but because of the extensive discovery in this case the parties have not been able to finalize negotiations before the set trial date. The Government does not object to the motion. Defendant Sellers also has no objection to the continuance. The Court, being fully advised in the premises, finds that the trial should be continued in order to allow Defendant additional time in which to conclude plea negotiations with the Government.

The Court **GRANTS** Defendant Teran's motion for continuance (Doc. 456). The Court **CONTINUES** the trial scheduled for March 22, 2010 until June 1, 2010. The continuance of trial applies to all non-moving Defendants as well. ***United States v. Baker*, 40 F.3d 154, 159 (7th Cir. 1994) ("'Under § 3161(h)(7), the excludable delay of one defendant may be ascribed to all defendants in the same**

case, absent severance.'") (quoting *United States v. Tanner*, 941 F.2d 574, 580 (7th Cir. 1991), cert. denied, 502 U.S. 1102, 112 S. Ct. 1190, 117 L.Ed. 2d. 432 (1992)).

In continuing the trial, the Court notes that one of the co-defendants Jesus Manuel Saavedra, remains a fugitive. Saavedra is still at large and has not yet been arraigned. Further, no motion for severance of the remaining defendants has been filed or granted in this case, meaning all Defendants adhere to the same Speedy Trial Act count. Therefore, in actuality and the state of the law is that the Speedy Trial "clock" does not begin to run until the last co-defendant is arraigned. In this case, as there is one fugitive, the 70-day window for conducting this trial has not yet come into play under the Speedy Trial Act. *See United States v. Larson*, 417 F.3d 741, 745 n.1 (7th Cir. 2005) ("In the typical joint trial, the Speedy Trial clock begins when the last co-defendant is arraigned.") (citing *United States v. Baskin-Bey*, 45 F.3d 200, 203 (7th Cir. 1995)); *Henderson v. United States*, 476 U.S. 321, 323 n.2 (1986); 18 U.S.C. § 3161(h)(6)); *United States v. Souffront*, 338 F.3d 809, 835 (7th Cir. 2003) (The Court found that the seventy-day clock commenced the day a fugitive-also the final co-defendant in the case- was arraigned). Since the Speedy Trial clock has not begun to run, there is no need to account for exclude time due to trial delays, such as when a trial is continued.

However, in the alternative to finding that the Speedy Trial clock has yet

to commence, the Court finds that the reasons stated in the motion to continue justify reasons for granting a continuance and excluding time under Speedy Trial Act. The Court finds that pursuant to **18 U.S.C. § 3161(h)(7)(A)**, the ends of justice served by the granting of such a continuance outweigh the best interest of the public and *all* Defendants in a speedy trial.  To force a Defendant to trial on a case that appears to have a great potential to resolve amicably would constitute a miscarriage of justice.  Therefore, the Court alternatively finds reasons for granting a continuance as sought in the motion (Doc. 456).  The Court hereby **CONTINUES** the trial ***as to all Defendants*** scheduled for March 22, 2010 until **June 1, 2010 at 9:00 a.m.** The time from the date the motion was filed, February 26, 2010, until the date on which the trial is rescheduled, June 1, 2010, is excludable for purposes of a speedy trial.

Should either party believe that a witness will be required to travel on the Justice Prisoner and Alien Transportation System (JPATS) in order to testify at the trial of this case, a writ should be requested at least two months in advance.

**IT IS SO ORDERED.**

Signed this 1st day of March, 2010.

/s/ David R Herndon
**Chief Judge**
**United States District Court**