IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

ANTHONY J. DUVERNAY, et al.,

Defendant.                                                   No. 07-30136-DRH

<u>ORDER</u>

**HERNDON, Chief Judge:**

      Before the Court is a motion to continue jury trial filed by Anthony J. Duvernay (Doc. 471).  Defendant Duvernay requests that the trial setting of June 1, 2010 be continued as he is currently negotiating a plea with the Government but believes that the negotiations will not be completed by the scheduled trial date.  The parties state that they are confident that the matter can be resolved and avoid trial if they are given additional time.  The Government does not object to the motion.  The Court, being fully advised in the premises, finds that the trial should be continued in order to allow Defendant additional time in which to conclude plea negotiations with the Government.

      The Court **GRANTS** Defendant Duvernay's motion to continue jury trial (Doc. 471).  The Court **CONTINUES** the trial scheduled for June 1, 2010 until July 6, 2010 at 9:00 a.m.  The continuance of trial applies to all non-moving Defendants as well.  ***United States v. Baker***, **40 F.3d 154, 159 (7th Cir. 1994) ("'Under § 3161(h)(7), the excludable delay of one defendant may be ascribed to all**

**defendants in the same case, absent severance.'")(quoting *United States v. Tanner*, 941 F.2d 574, 580 (7th Cir. 1991), cert. denied, 502 U.S. 1102, 112 S.Ct. 1190, 117 L.Ed. 2d 432 (1992)).**

In continuing the trial, the Court notes that one of the co-defendants Jesus Manuel Saavedra, remains a fugitive. Saavedra is still at large and has not yet been arraigned. Further, no motion for severance of the remaining defendants has been filed or granted in this case, meaning all Defendants adhere to the same Speedy Trial Act count. Therefore, in actuality and the state of the law is that the Speedy Trial "clock" does not begin to run until the last co-defendant is arraigned. In this case, as there is one fugitive, the 70-day window for conducting this trial has not yet come into play under the Speedy Trial Act. ***See United States v. Larson*, 417 F.3d 741, 745 n.1 (7th Cir. 2005) ("In the typical joint trial, the Speedy Trial clock begins when the last co-defendant is arraigned.") (citing *United States v. Baskin-Bey*, 45 F.3d 200, 203 (7th Cir. 1995)); *Henderson v. United States*, 476 U.S. 321, 323 n.2 (1986); 18 U.S.C. § 3161(h)(6); *United States v. Souffront*, 338 F.3d 809, 835 (7th Cir. 2003) (The Court found that the seventy-day clock commenced the day a fugitive-also the final co-defendant in the case -was arraigned)**. Since the Speedy Trial clock has not begun to run, there is no need to account for exclude time due to trial delays, such as when a trial is continued.

However, in the alternative to finding that the Speedy Trial clock has yet

to commence, the Court finds that the reasons stated in the motion to continue justify reasons for granting a continuance and excluding time under the Speedy Trial Act.  The Court finds that pursuant to **18 U.S.C. § 3161(h)(7)(A)**, the ends of justice served by the granting of such a continuance outweigh the best interests of the public and *all* Defendants in a speedy trial .  To force a Defendant to trial on a case that appears to have a great potential to resolve amicably would constitute a miscarriage of justice.  Therefore, the Court alternatively finds reasons for granting a continuance as sought in the motion (Doc. 471).  The Court hereby **CONTINUES** the trial as to *all Defendants* scheduled for June 1, 2010 until **July 6, 2010 at 9:00 a.m.**  The time from the date the motion was filed, May 21, 2010, until the date on which the trial is rescheduled, July 6, 2010, is excludable for purposes of a speedy trial.

Consistent with this alternative finding, the Court also notes that Defendant Duvernay, as well as the remaining Defendants Thomas J.Sellers and Raul Ricardo Teran, were previously given twenty-one (21) days from the date of their arraignment in which to file pre-trial motions and complete discovery.  According to a recent Supreme Court decision, **Bloate v. United States, No. 08-728, – S. Ct. –, 2010 WL 7576600, at * 11 (2010)**, delays resulting from pre-trial motion preparation are not automatically excludable under **18 U.S.C. § 3161(h)(7)**.  **See Bloate, 2010 WL 757660, at * 5.**  In light of the recent decision, the Court finds that the time granted to Defendants for preparation of pretrial motions and discovery was also excludable under **18 U.S.C. § 3161(h)(7)(A)** as the ends of

justice served by the granting of such a continuance outweighed the best interests of the public and Defendants in a speedy trial. To force a Defendant to trial without adequate time to prepare would have constituted a miscarriage of justice. Therefore, for purposes of the Orders, granting Defendants twenty-one (21) days in which to complete discovery and file pre-trial motions (Doc. 335, 331, & 309), the Court notes that the time from the dates of arraignment[1] until the dates on which the twenty-one days expired was excludable for purposes of a speedy trial.

Should either party believe that a witness will be required to travel on the Justice prisoner and Alien Transportation System (JPATS) in order to testify at the trial of this case, a writ should be requested at least two months in advance.

**IT IS SO ORDERED.**

Signed this 24th day of May, 2010.

/s/ David R Herndon

**Chief Judge
United States District Court**

---

[1] The Court notes that Defendants Duvernay and Thomas Sellers were arraigned on July 30, 2009 and the twenty-one days given to them for filing pre-trial motions expired on August 20, 2009. Defendant Teran was arraigned on July 6, 2009 and his twenty-one day allowance for filing pre-trial motions expired on July 27, 2009.