IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

THOMAS SELLERS, et al.,

Defendants.                                                      No. 07-30136-DRH

### ORDER

**HERNDON, Chief Judge:**

Before the Court is a motion to continue trial filed by Defendant Thomas Sellers (Doc. 492). Defendant Sellers requests that the trial setting of July 6, 2010 be continued as he was recently appointed new counsel and counsel has not had time to go though the voluminous discovery in this case. Counsel requires additional time to review the discovery and discuss the matter with Defendant Sellers. The Government does not object to the motion. The Court, being fully advised in the premises, finds that the trial should be continued in order to allow Defendant additional time in which to prepare for trial.

The Court **GRANTS** Defendant Sellers' motion to continue trial (Doc. 492). The Court **CONTINUES** the trial scheduled for July 6, 2010 until **September 7, 2010 at 9:00 a.m.** The continuance of trial applies to all non-moving Defendants as well. *United States v. Baker*, **40 F.3d 154, 159 (7th Cir. 1994) ("'Under § 3163(h)(7), the excludable delay of one defendant may be ascribed to all defendants in the same case, absent severance.'")(quoting** *United States v.*

***Tanner*, 941 F.2d 574, 580 (7th Cir. 1991), cert. denied, 502 U.S. 1102, 112 S.Ct. 1190, 117 L.Ed. 2d 432 (1992)).** At this time, Defendant Anthony J. Duvernay appears to be the only remaining Defendant who has been arraigned and thus the continuance applies to him as well.

In continuing the trial, the Court notes that one of the co-defendants, Jesus Manuel Saavedra, remains a fugitive. Saavedra is still at large and has not yet been arraigned. Further, no motion for severance of the remaining defendants has been filed or granted in this case, meaning all Defendants adhere to the same Speedy Trial Act count. Therefore, in actuality and the state of the law is that the Speedy Trial "clock" does not begin to run until the last co-defendant is arraigned. In this case, as there is one fugitive, the 70-day window for conducting this trial has not yet come into play under the Speedy Trial Act. ***See United States v. Larson*, 417 F.3d 741, 745 n.1(7th Cir. 2005) ("In the typical joint trial, the Speedy Trial clock begins when the last co-defendant is arraigned.")(citing *United States v. Baskin-Bey*, 45 F.3d 200, 203 (7th Cir. 1995)); *Henderson v. United States*, 476 U.S. 321, 323 n.2 (1986); 18 U.S.C. § 3161(h)(6); *United States v. Souffront*, 338 F.3d 809, 835 (7th Cir. 2003) (The Court found that the seventy-day clock commenced the day a fugitive-also the final co-defendant in the case- was arraigned)**. Since the Speedy Trial clock has not begun to run, there is no need to account for exclude time due to trial delays, such as when a trial is continued.

However, in the alternative to finding that the Speedy Trial clock has yet to commence, the Court finds that the reasons stated in the motion to continue justify reasons for granting a continuance and excluding time under the Speedy Trial Act. The Court finds that pursuant to **18 U.S.C. § 3161(h)(7)(A)**, the ends of justice served by the granting of such a continuance outweigh the best interest of the public and *all Defendants* in a speedy trial. To force a Defendant to trial without adequate time to prepare would constitute a miscarriage of justice. Therefore, the Court alternatively finds reasons for granting a continuance as sought in the motion (Doc. 471). The Court hereby **CONTINUES** the trial *as to all Defendants* scheduled for July 6, 2010 until **September 7, 2010 at 9:00 a.m.** The time from the date the motion was filed, June 28, 2010, until the date on which the trial is rescheduled, September 7, 2010, is excludable for purposes of a speedy trial.

Should either party believe that a witness will be required to travel on the Justice Prisoner and Alien Transportation System (JPATS) in order to testify at the trial of this case, a writ should be requested at least two months in advance.

**IT IS SO ORDERED.**

Signed this 29th day of June, 2010.

/s/   David R Herndon
**Chief Judge**
**United States District Court**