IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

LUIS SANORA et al.,

Defendant.                                              No. 07-30136-DRH

ORDER

HERNDON, Chief Judge:

Before the Court is a motion to continue trial filed by Defendant Luis Sanora (Doc. 511). Defendant Sanora requests that the trial setting of September 7, 2010 be continued for at least sixty (60) days as his attorney has received numerous discovery materials that require additional time to review. The Government does not object to the motion. The Court, being fully advised in the premises, finds that the trial should be continued in order to allow Defendant additional time in which to prepare for trial.

The Court **GRANTS** Defendant Sanora's motion to continue trial (Doc. 511). The Court **CONTINUES** the trial currently set for September 7, 2010 until November 15, 2010 at 9:00 a.m. The continuance of trial applies to all non-moving Defendants as well. *United States v. Baker*, **40 F.3d 154, 159 (7th Cir. 1994) ("'Under § 3163(h)(7), the excludable delay of one defendant may be ascribed to all defendants in the same case, absent severance.'")(quoting** *United States v. Tanner*, **941 F.2d 574, 580 (7th Cir. 1991), cert. denied, 502 U.S. 1102, 112**

**S.Ct. 1190, 117 L.Ed. 2d 432 (1992)).** At this time, Defendants Anthony J.
Duvernay and Thomas Sellers appear to be the only remaining Defendants that have
been arraigned and thus the continuance applies to them as well.

In continuing the trial, the Court notes that one of the co-defendants,
Jesus Manuel Saavedra, remains a fugitive. Saavedra is still at large and has not yet
been arraigned. Further, no motion for severance of the remaining defendants has
been filed or granted in this case, meaning all Defendants adhere to the same Speedy
Trial Act count. Therefore, in actuality and the state of the law is that the Speedy
Trial "clock" does not begin to run until the last co-defendant is arraigned. In this
case, as there is one fugitive, the 70-day window for conducting this trial has not yet
come into play under the Speedy Trial Act. **See United States v. Larson, 417 F.3d
741, 745 n.1(7th Cir. 2005) ("In the typical joint trial, the Speedy Trial clock
begins when the last co-defendant is arraigned.")(citing United States v.
Baskin-Bey, 45 F.3d 200, 203 (7th Cir. 1995)); Henderson v. United States,
476 U.S. 321, 323 n.2 (1986); 18 U.S.C. § 3161(h)(6); United States v.
Souffront, 338 F.3d 809, 835 (7th Cir. 2003) (The Court found that the
seventy-day clock commenced the day a fugitive-also the final co-defendant in
the case- was arraigned).** Since the Speedy Trial clock has not begun to run, there
is no need to account for exclude time due to trial delays, such as when a trial is
continued.

However, in the alternative to finding that the Speedy Trial clock has yet

to commence, the Court finds that the reasons stated in the motion to continue justify reasons for granting a continuance and excluding time under the Speedy Trial Act. The Court finds that pursuant to **18 U.S.C. § 3161(h)(7)(A)**, the ends of justice served by the granting of such a continuance outweigh the best interests of the public and *all Defendants* in a speedy trial. To force a Defendant to trial without adequate time to prepare would constitute a miscarriage of justice. Therefore, the Court alternatively finds reasons for granting a continuance as sought in the motion (Doc. 511). The Court hereby **CONTINUES** the trial *as to all Defendants* scheduled for September 7, 2010 until November 15, 2010 at 9:00 a.m. The time from the date the motion was filed, August 11, 2010, until the date on which the trial is rescheduled, November 15, 2010, is excludable for purposes of a speedy trial.

Should either party believe that a witness will be required to travel on the Justice Prisoner and Alien Transportation System (JPATS) in order to testify at the trial of this case, a writ should be requested at least two months in advance.

**IT IS SO ORDERED.**

Signed this 12th day of August, 2010.

/s/    David R Herndon

**Chief Judge**
**United States District Court**